McCauley, J.
The action in the common pleas was by the plaintiff, as assignee for the benefit of the creditors of Lyons & Co. under the insolvent laws, and was brought for moneys of Lyons & Co. claimed to be on deposit with the defendant at the time the assignment was made.
The assignment was made September 26th, 1874, and the bank set up as a defense that on September 29th it paid a check given by Lyons & Co. to Heckman & Spencer for $280, and that the check was dated September 22d, four days prior to the assignment.
On the trial.in the common pleas the jury returned a general verdict for the plaintiff and, by direction of the court, found specially, that on September 29th, when the check was presented, the bank had knowledge that Lyons & Co. had made an assignment on September 26th. It appears also from the evidence on the trial in the common pleas that when the check was presented on September 29th the bank had a note given by Lyons & Co. to *5 Heckman & Spencer and by them endorsed to the bank, and that when the check of Lyons & Co. was presented by Heckman, it was attached to the note of Lyons & Co. and on October 13th following, when the note matured, an amount of the Busby collection sufficient to pay the note was applied in payment of it, and the balance of the $280 cheek was accounted for to Heckman & Spencer.
Upon this state of fact, the bank makes two claims, first, that the check was a complete appropriation and transfer of the funds of Lyons & Co. in the bank to their credit, at the date of the check. And second, that at all events the bank had a lien upon the proceeds of the Busby collection to pay any indebtedness of Lyons & Co. to it.
It is not necessary to consider just how far a check is an appropriation and transfer of the funds of the drawer on deposit at the giving of the check, nor to consider how many exceptions there may be to this rule; for in this case, there were no funds out of which to pay it when it was presented, and it was not then paid but it was kept until October 13th, when the note matured. During which time the proceeds of the Busby collection were received by the bank, and this money was applied to its payment.
The matter of attaching the check to the note and holding it for two weeks was not equivalent to a payment of it. And during the time it was so held the bank had full knowledge that Lyons & Co. had assigned on September 26th. The assignment was a transfer of the fund realized from the Busby collection; and assuming that the check was also a transfer of it, pro tanto, then the bank had knowledge of what purported to be two transfers of the same fund. We think it should not have recognized either transfer by paying the money on it without first making inquiry as to which of them was prior in fact.
As to the banker’s lien claimed by the bank. After September 30th it had the proceeds of the Busby collection, but it had not made any advance on the faith of that collection, it had no interest in it — and having made no advance upon it, it had no lien upon it, and no right to retain *6 it to apply in satisfaction of a note held, against the owners of it.
.The bank might have applied this money on any balance due it on general account with Lyons & Co. 3 Parson’s Contracts, 262; Bank of Metropolis v. New England Bank, 17 Pet., 174.
The bank having no lien on the proceeds of the Busby collection, when suit was brought for that money by the assignee, it could defend against his claim by using the note of Lyons & Co. as a set-off. This is the only way in which the bank could have applied any part of the Busby collection in payment of the note. And this was not done.

Judgment Reversed.